IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
August 25, 2023 11:02 AM
SX-2019-CV-00278
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

UNITED INDUSTRIAL, SERVICE TRANSPORTATION, )    SX-19-CV-278
PROFESSIONAL AND GOVERNMENT WORKERS OF )
NORTH AMERICA, SEAFARERS INTERNATIONAL )
UNION, AFL-CIO, obo ALL AFFECTED EMPLOYEES ) ACTION TO CONFIRM
) ARBITRATION AWARD
                   Plaintiff                 )
                                       )
v.                                             )
                                            )
VIRGIN ISLANDS PORT AUTHORITY            )
                                            )
                      Defendant           )

**Cite as: 2023 VI Super 54U**

***Attorney John Merchant, Esq.,***
Counsel for Plaintiff
P.O. Box 7630
Christiansted, Virgin Islands 00820

***Attorney Catherine Hendry, Esq.,***
Counsel for Defendant
P.O. Box 301707
St. Thomas, Virgin Islands 00803

***MEADE, J-Judge***
Senior Sitting Judge of the Superior Court

## MEMORANDUM OPINION AND ORDER

¶ 1.     THIS MATTER is before the Court on Respondent's Motion to Amend its Answer, Plaintiff's motion in Opposition and Respondent's Reply. For the reasons outlined below, Respondent's motion to amend is Granted.

## Factual and Procedural Background

¶ 2.    The United Industrial Workers- Seafarers International Union ("hereinafter Union") and the Virgin Islands Port Authority ("hereinafter, Port Authority VIPA") are parties to two Collective Bargaining Agreements ("CBA") covering the employees of the Port Authority, allocated in two bargaining units. One agreement covers the Airport Rescue Fire Fighters and Law Enforcement Officers ("ARFF/LEO") bargaining unit, the other covers a group of employees identified as Aviation ("Aviation") bargaining unit. On or about October 16, 2014 management began to deduct 15% from employees' paychecks for health insurance contribution. The Union objected to these deductions on the premise that they were not negotiated as part of the collective bargaining process and otherwise violated the terms of the collective bargaining agreements. Thereafter, On October 20, 2014, the Union filed separate grievances on behalf of the bargaining units. Later, the grievances were consolidated.

¶ 3.    Subsequently, the Parties entered arbitration presided by a first arbitrator. The first arbitrator entered an interim ruling but did not arrive at a conclusive decision that disposed of the matter. After a period of time had passed in which the Parties did not get a final decision from the first arbitrator, they stipulated to vacate the interim ruling and employed the services of a second arbitrator. When VIPA challenged the grievances on the ground that they were not arbitrable, the second arbitrator denied the

challenge and the parties proceeded to a trial on the merits on October 10, 2018. The trial was conducted over a two-day period. The arbitrator issued his decision on March 4, 2019 and entered an award in favor of the Union. The arbitration award required VIPA to cease taking the deduction and to refund the employees for the deductions that were taken. VIPA did not institute an action to modify or vacate the award nor did it comply with the award to the extent of refunding the employees.

¶ 4. On or about June 26, 2019 the Union filed an action to confirm the arbitration award in the Superior Court. VIPA filed its answer which included affirmative defenses pursuant to *V.I.R. Civ. P.* (12)(b). Subsequently, VIPA filed a motion to amend its answer to include affirmative defenses or counterclaims that it failed to include in its initial answer. The amendment seeks to include claims and defenses which challenge the validity of the arbitration award. VIPA contends that the amendment will allow its response to be more clearly defined as a counterclaim and allow VIPA to present to the Court the claims that would support its intent to request that the Court vacate the award. VIPA further contends that while its initial answer asked the Court to deny the arbitration award, this initial response does not make it sufficiently clear that VIPA was requesting that the Court vacate the award as its claim for relief. The Union opposes the motion contending that the claims or defenses which VIPA seeks to interpose are either waived or time barred.

3

## The Legal Standard

¶ 5.  VIPA requests leave to amend to permit it to present what it has characterized as a counterclaim. A counterclaim is a distinct claim for relief asserted by a defendant against a plaintiff. 20 Am. Jur. 2d. *Counterclaim Recoupment and Set Off* § 1. The Virgin Islands Rules of Civil Procedure categorizes counterclaims as compulsory or permissive. *V.I.R. Civ. P.* 13. A compulsory counterclaim is generally one which arises out of the same transaction as the plaintiff's claim and must be raised by the defendant's responsive pleading. *V.I.R. Civ. P.* 13(a)(1). A permissive counterclaim is one which the defendant may but is not compelled to raise in the plaintiff's action. *V.I.R. Civ. P.* 13 (b). A counterclaim need not seek to defeat the plaintiff's claim or recovery but may be a separate and independent claim for relief. *V.I.R. Civ. P.* 13(c).

¶ 6.  An amendment to include a claim or defense is permissible if the claim or defense is not waived or time barred. If an action to enforce a right is waived or time barred, it cannot be permitted as a basis for a claim for relief. *Magens Point Resort Hotel v. Benjamin*, 58 VI 191, 198 (VI 2009). A party may waive a claim or defense by failure to raise it in its first responsive pleading. See also *V.I. R. Civ. P.* 12(b), (h), *V.I.R. Civ. P.* 13(a) and *V.I.R. Civ. P.* 8(c). However, a court may grant leave to amend the pleading when justice requires. *V.I.R. Civ. P.* 15(a)(2). The determination

4

as to whether a claim or defense is waived or time barred is dependent on the facts and the applicable statute of limitation or rule provisions.

## DISCUSSION

### A. Waiver of Claims and Defenses

¶ 7.     The Union contends that VIPA waived its claims and defenses when it failed to raise them in its initial answer; and as such, they were untimely because they were only asserted in the Amended Answer that was filed on November 18, 2019. The waiver of a right may be inferred when a party engages in conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that the right has been relinquished. *Whyte v. Bokino*, 69 VI 749,766 (VI 2018). Accordingly, the facts must show that VIPA engaged in conduct from which it could reasonably be determined that VIPA waived the claims or defenses that it now wishes to include in its Amended Answer. The burden to show a party waived its right is on the party claiming waiver. *Allen v. Hovensa*, LLC. 59 VI 430, 437 (VI 2013). Other that its contention the VIPA failed to assert its claims or defenses in is first responsive pleading, the Union did not offer any facts to show that this failure amounts to a waiver. The Virgin Islands Supreme Court has cautioned that waiver should not be taken so lightly. *Whyte*, 69 VI at 766. (citing *Gray Holdco, Inc. v. Cassidy*, 654 F.3d. 444,451(3rd Cir. 2011)). In determining whether a waiver took place a court should not only consider the lack of timeliness, but must also consider the extent to which the party

engaged in litigation, to include the extent to which the party engaged in discovery, non-merits motion practice and assent to the Superior Court's pretrial orders. *Whyte*, 69 VI at 767. Moreover, the measure of participation in litigation must result in prejudice to the opposing party in order to support a finding of waiver. Prejudice is the touchstone for determining whether the right has been waived through litigation conduct. *Allen*, 59 VI at 437 (quoting *Hoxworth v. Blinder, Robinson & Co.*, 980 F. 2d. 912, 924 (3rd Cir. 1992)). The Union presented no evidence of extensive litigation in the Superior Court that resulted in prejudice to the Union. In fact, this is the early stage of the litigation in the Superior Court where only a complaint and answer have been filed and VIPA is seeking to amend its answer to the action for confirmation of the arbitration award.

¶ 8. It is generally understood that affirmative defenses and counterclaims that are not raised in the initial responsive pleading are waived. The foundation of this general understanding lies in the rules of procedure. Rule 13 of the Virgin Islands Rule of Civil Procedure provides that a pleading shall state as a counterclaim any claim, which at the time of serving the pleading, the pleader has against an opposing party if the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of parties over whom the court cannot acquire jurisdiction. Further, *V.I.R. Civ. P* 8(c) states that a party's responsive

pleading must include any affirmative defenses which that party wishes to assert.

¶ 9.    Nevertheless, Virgin Islands Courts have not applied the rule of waiver to form the proposition of a rigid adherence that suggests that the failure to plead a counterclaim or affirmative defense in an initial responsive pleading results in automatic waiver. *Whyte*, 69 VI at 755; *Allen*, 59 VI at 437. A more flexible approach is recommended. The respondents may assert their counterclaim as long as the claim is timely when the plaintiffs filed their action. *James v. Antilles Gas Corp.*, 43 VI 37, 44 (Terr. Ct. 2000). Moreover, the application of the waiver rule is tempered by the common law and other procedural provisions.

¶ 10.    Here, VIPA seeks to amend its answer. The substance of the amendment challenges the validity of the arbitration award and requests that the Court vacates the award. VIPA further states that its first responsive pleading asked the Court to deny the award but did not specifically request that the Court vacates the award. The claims that VIPA wishes to interpose as counterclaims are the ordinary claims or defenses to an action to confirm an arbitration award. Therefore, by the operation of *V.I.R Civ. P.* 8(c)(1) or 13(a) they should have been pleaded in VIPA's first responsive pleading. However, the amendment of a pleading is governed by *V.I.R. Civ. P.* 15 which tempers the operation of Rules 8(c)(1) and 13(a) in relation to claims and defenses not pleaded in an initial responsive

7

pleading. Virgin Islands Rules of Civil Procedure 15(a)(2) gives the Court discretion to grant leave to amend and provides that leave should be freely given in the interest of justice. Rule 15 of the Virgin Islands Procedural Rules was adopted from Rule 15 of the Federal Rules of Civil Procedure (FRCP). Accordingly, its application in the Federal Courts provides guiding authority for its application in the Courts of the Virgin Islands. The United States Supreme Court, in addressing the application of FRCP 15, has intimated that leave to amend should be granted in favor of the policy of hearing cases on their merits and has recommended the factors that should inform a court's discretion in granting leave to amend. The U.S. Supreme Court stated:

> "If the underlying facts and circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment etc., the leave should as the rule requires be freely given". *Foman v. Davis*, 371 U.S. 178, 182 (1962).

¶ 11. In addition, the waiver of an affirmative defense or counterclaim that is not pleaded in the first instance and the implication of the failure to plead are recognized within the explanation of the common law.

> If an affirmative defense is not pleaded it is waived to the extent that the party who has pleaded the affirmative defense may not introduce evidence in support thereof unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment setting forth the affirmative defense is

8

properly made. 2A *Moore's Federal Practice*, Para. 8.27(3) at 1853 (2nd Ed.).

¶ 12. The United States Court of Appeals for the Third Circuit, with reference to this common law principle, also advanced the position that a pleading may be amended to include an affirmative defense that was not included in the first responsive pleading. The Third Circuit stated:

> It must be noted that we are not holding that if a party fails to raise an affirmative defense in his original pleading he is forever barred from raising it, we merely hold that the proper remedy is to move for leave to amend under Rule 15 of the Federal Rules of Civil Procedure. *Albee Homes v. Latman*, 406 F.2d.11,13 (3rd Cir. 1969)

¶ 13. The Virgin Islands Supreme Court has also determined that affirmative defenses must be pleaded in the first responsive pleading or they may be waived but the waiver is not perpetual or irrevocable. The waiver rule under (8)(c) does not apply automatically but is subject to certain exceptions, one being Rule 15 where the Court has discretion to permit an amendment to allow the case to be heard on its merits. *Powell v. FAM Protective Services*, 2020 VI Supreme LEXIS 3. The weight of authority favors permitting an amendment to allow a claim or affirmative defense that has not been pleaded in the first responsive pleading.

## B. Time Barred Claims

¶ 14. Both Parties make reference to the Federal Arbitration Act ("FAA"), 9 USC § 1 et. seq. to support their positions. The Union argues that the claims which VIPA seeks to interpose are time barred by the operation

§ 12 of the FAA, which requires that an action to modify or vacate an arbitration award be brought within 90 days of the issuance of the award. Therefore, the claims are time barred. VIPA argues that the provisions of § 10 of the FAA requires that its claims be put before the Court in any action to confirm or vacate an arbitration award. Interestingly, none of the parties discussed the applicability of the referenced provisions of the FAA.

¶ 15.    When a contract touches on activities related to interstate commerce the FAA is applicable to disputes arising under the contract. *Gov't of the V.I. v. United Industrial, Svc., Transp., Prof. & Gov't Workers of N.A.*, 64 V.I. 312, 322 n. 3 (VI 2016); *Whyte*, 69 VI at 760. The parties do not dispute that the activities of VIPA touch upon interstate commerce such that their collective bargaining agreements (CBA) fall within the purview of the FAA. However, even when the FAA applies to a dispute, it does not mean that all of its provisions apply to proceedings in the Superior Court in the resolution of that dispute. *Gov't of the V.I., Dep't of Ed. v. St. Thomas/St. John Educ. Adm'rs Ass'n, Local 101*, 67 V.I. 623, 632 (2017). The Virgin Islands Supreme Court has noted that there is a distinction between the substantive and procedural provisions of the FAA. Procedural provisions do not automatically apply to proceedings in the Superior Court, even though the substantive provisions may preempt local law. *Allen*, 59 VI at 435. The procedural provisions are confined to procedures in the United

States Courts. Accordingly, § 10 of the FAA by its own terms, applies only to cases in the United States Courts. *United Industrial*, 64 VI at 325. And, § 12 of the FAA operates as a statute of limitation which may be waived if not timely asserted but does not preempt local law. *Allen* 59 VI at 436. Provisions of the FAA that merely establish procedures in the federal system such as those that establish filing deadlines do not preempt local law. *Id.*

¶  16.     Here, the claims which VIPA seeks to include into the amendment of its answer challenge the validity of the arbitration award. VIPA's claims include the assertions that (1) The arbitrator exceeded his authority; (2) the arbitrator's decision is not based on the essence of the collective bargaining agreements; (3) the arbitrator lacked jurisdiction to interpret and apply the terms of a previous award. The Union contends that VIPA was required to raise these claims in an action to vacate or modify the award as required by the provisions of § 12 of the FAA. Section 12 requires that an action to modify or vacate an arbitration award be brought within 90 days of the date the award was issued. Since the arbitrator entered the award on March 4, 2019 and the Union filed its complaint on June 26, 2019, the Union contends that the claims are untimely, and VIPA is barred from asserting the claims in the Union's action to confirm the award. Therefore, the issue is whether VIPA is precluded from challenging the arbitration award in an action to confirm the award when it failed to

challenge the award in a timely manner under § 12 of the FAA in an action to vacate the award.

¶ 17.    Section 12 of the FAA is one of those provisions which merely establish procedures in the federal courts and do not automatically apply in the Superior Court or preempt local law. *United Industrial*, 64 VI at 322. Such provisions only apply in the Superior court if the arbitration agreement explicitly states that those provisions are applicable. *St. Thomas/St. John Educ. Admr's Ass'n*, 67 VI at 632. The parties provided no evidence that the arbitration agreement provided that § 10 or § 12 of the FAA would govern their arbitration proceedings. Consequently, Section 12 is inapplicable to the determination of whether VIPA's claims are untimely. The Court would be required to look at local law to determine whether the claims or defenses that VIPA seeks to interpose with the amendment are time barred. Id.

¶ 18.    The provision of the Virgin Islands Code that relates to limitation of actions is *Tit. 5 VIC § 31*. In the Virgin Islands, arbitration is a matter of contract. *St. Thomas/St. John Educ. Admr's Ass'n*, 67 VI at 638. (*citing Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 US 287, 296 (2010). *Tit. 5 VIC § 31(3)(A)* imposes a six-year limitation on actions in contract liability. The arbitrator entered its decision and award on March 4, 2019. The Union filed its action to confirm the award on June 26, 2019 and VIPA filed its answer and affirmative defenses on July 18, 2019. Subsequently, VIPA

filed a motion to amend its answer on November 18, 2019. Because the claims which VIPA seeks to interpose are subject to a six-year statute of limitations the claims are well within the limitations period and are therefore not time barred.

## CONCLUSION

¶ 19.     Even though the Rules of Procedure suggest that claims and defenses not included in a first responsive pleading are waived, courts have applied the rules of waiver with greater flexibility and have held that the mere failure to raise a claim or defense in a first responsive pleading is not enough to find waiver. Courts have also held that waiver is not automatic, but a finding of waiver must be supported by prejudice to the opposing party. Although VIPA failed to raise its claims or defenses in its first responsive pleading the evidence is inadequate to support a finding of waiver. In addition, even though the Federal Arbitration Act may apply to a dispute between parties in an arbitration proceeding, the procedural provisions of the FAA do not automatically apply to proceedings in the Superior Court. The procedural provisions apply only if explicitly stated by the arbitration agreement of the parties. No such agreement was presented by the Parties. Hence, section 12 of the FAA does not apply to determine whether VIPA's claims are time barred. Instead, Tit. 5 VIC § 31(3)(A) applies. Under this

provision, which provides a six-year limitation to liability on contracts, VIPA's claims are not time barred.

¶ 20.    V.I.R. Civ. P. 15 gives the Court discretion to grant leave to amend a pleading in the interest of justice and provides that leave be freely given. There are no factual or legal impediments to VIPA's right to assert its claims. In deference to the policy favoring that claim be heard on their merits, VIPA's motion for leave to amend its answer is **GRANTED**.

**DONE AND SO ORDERED** this 23 day of *August*, 2023.

_____
**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

A T T E S T:

**TAMARA CHARLES**
Clerk of the Court

By: _____ 08/25/2023
Court Clerk

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 25, 2023 11:04 AM
SX-2019-CV-00278
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

United Industrial, Service,
Transportation Professional,
**Plaintiff**

v.

Virgin Islands Port Authority,
**Defendant.**

Case Number: **SX-2019-CV-00278**
Action: **Enforcement Of Order**

## NOTICE of ENTRY
## of
## ORDER

**To:** John Merchant, Esq.

Vincent F. Frazer, Esq.

**Please take notice that on August 25, 2023**
a(n) _____ **Memorandum Opinion and Order** _____
dated ____ **August 23, 2023** ____ **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** **August 25, 2023**

**Tamara Charles**

**Clerk of the Court**

By:

**Tisha Laurencin**
**Court Clerk II**